IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
_____
IN RE CONAGRA FOODS, INC.      )
SECURITIES LITIGATION          )
_____)
DAVID P. BERLIEN, on behalf    )
of himself and all others      )
similarly situated,            )
                               )
            Plaintiff,         )    8:05CV292
                               )
     v.                        )
                               )
CONAGRA FOODS, INC., et al.,   )
                               )
            Defendants.        )
_____)
JOSEPH CALVACCA, individually  )
and on behalf of all others    )
similarly situated,            )
                               )
            Plaintiff,         )    8:05CV318
                               )
     v.                        )
                               )
CONAGRA FOODS, INC., et al.,   )
                               )
            Defendants.        )
_____)
JAMES M. WOODS, on behalf      )
of himself and all others      )
similarly situated,            )
                               )
            Plaintiff,         )    8:05CV493
                               )
     v.                        )
                               )
CONAGRA FOODS, INC., et al.,   )    MEMORANDUM AND ORDER
                               )
            Defendants.        )
_____)
```

This matter is before the Court on defendants' motion to dismiss the consolidated class action complaint ("complaint")

(Filing No. 65, filed only in 8:05CV292).  The Court has reviewed the motion, the briefs in support and opposition, evidentiary submissions, and the applicable law.

**I.   BACKGROUND**

This action is brought under sections 10(b) and 20 of the Securities Exchange Act of 1934 ("Act"), 15 U.S.C. §§ 78j(b) and 78t, and Rule 10b-5 of the Securities Exchange Commission, 17 C.F.R. § 240.10b-5 ("Rule").  The plaintiffs allege violations of the Act and Rule on behalf of a class of investors who bought or acquired ConAgra stock between September 18, 2003, and June 7, 2005 (the "class period").  The defendants are ConAgra Foods, Inc. ("ConAgra"), and its former President and Chief Executive Officer Bruce C. Rohde ("Rohde").  For the purpose of a motion to dismiss, we assume that the facts alleged in the complaint are true.  *Florida State Bd. of Admin. v. Green Tree Financial Corp.*, 270 F.3d 645, 648 (8th Cir. 2001).

Plaintiffs' complaint alleges that ConAgra's earnings were overstated from 2002 through 2005 because ConAgra erred in 1997 in calculating its tax basis in its beef and pork subsidiaries.  The improper calculation of the tax basis for these subsidiaries resulted in improper calculations of capital losses from the subsequent sale of these subsidiaries, losses which were used to shelter subsequent capital gains and which thereby reduced tax liabilities during the class period.

-2-

The complaint also alleges that the defendants misled investors during the implementation of a company-wide efficiency measure termed "Project Nucleus."  The complaint alleges that the implementation of "Project Nucleus" resulted in ConAgra's inability to produce accurate customer invoices for a period of time and materially effected ConAgra's ability to prepare accurate financial statements and projections (Complaint, ¶ 22(e)).

## II.   STANDARDS OF REVIEW

**A.   Motion to Dismiss**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff.  *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).  The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail.  *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989).  In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306

(8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  The Court considers the defendants' motion in light of the foregoing standard.

**B.   PLSRA Pleading Requirements**

Rule 10b-5, promulgated by the Securities and Exchange Commission under section 10(b) of the Act, prohibits fraudulent conduct in the sale and purchase of securities.  15 U.S.C. §  78j; 17 C.F.R. § 240.10b-5; *Florida State Bd. of Admin.*, 270 F.3d at 653; *Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.)*, 130 F.3d 309, 320 (8th Cir. 1997).  Section 20 of the Act extends liability under section 10(b) and Rule 10b-5 to any "controlling person."  15 U.S.C. § 78t(a).  Rule 10b-5 provides that it is unlawful for any person, directly or indirectly:

> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> ©) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. §  240.10b-5.

-4-

"Standing under § 10(b) and Rule 10b-5 requires a showing of (1) misrepresentations or omissions of material fact or acts that operated as a fraud or deceit; (2) causation, often analyzed in terms of materiality and reliance; (3) damages; and (4) fraudulent activity occurring in connection with the purchase and sale of a security." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1533-34 (8th Cir. 1996). "Although not explicitly mentioned in the text of the rule, scienter is nevertheless an essential element of a Rule 10b-5 claim." *Florida State Bd. of Admin.*, 270 F.3d at 653. Scienter means the intent to deceive, manipulate, or defraud. *In re NationsMart Corp. Sec. Litig.*, 130 F.3d at 320 (citation omitted).

To determine whether the facts pled in the complaint are adequate, we review them in light of the pleading standard the investors have to satisfy. Complaints brought under Rule 10b-5 and section 10(b) are governed by special pleading standards adopted by Congress in the PSLRA. These pleading standards are unique to securities and were adopted in an attempt to curb abuses of securities fraud litigation. *Florida State Bd. of Admin.*, 270 F.3d at 654. Congress enacted two heightened pleading requirements for securities fraud cases. The first requires that the complaint "specify each misleading statement or omission and specify why the statement or omission was misleading." *Kushner v. Beverly Enter. Inc.*, 317 F.3d 820, 826

(8th Cir. 2003)(*citing* 15 U.S.C. § 78u-4(b)(1)).  The second requires that the complaint set forth facts showing how each statement was knowingly or recklessly false or misleading at the time it was made.  *See In re Cerner Corp. Sec. Litig.*, 425 F.3d 1079, 1085-86 (8th Cir. 2005).  Further, plaintiffs must plead facts giving rise not just to a reasonable inference of scienter, but to a reasonable and strong inference that the statements were made either with the intent to defraud or deceive, or with recklessness.  *Kushner*, 317 F.3d at 826 (citation omitted); *Chen v. Navarre Corp.* (*In re Navarre Corp. Secs. Litig.*), 299 F.3d 735, 742 (8th Cir. 2002).

Specifically, the PSLRA requires that both falsity and scienter be pled with particularity.  "The purpose of this heightened pleading requirement was generally to eliminate abusive securities litigation and particularly to put an end to the practice of 'fraud by hindsight.'"  *In re Vantive Corp.*, 283 F.3d 1079, 1084-85 (9th Cir. 2002)(*quoting In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 988 (9th Cir. 1999)).

### III.  DISCUSSION

Defendants move to dismiss the complaint on three grounds:  (1) failure to allege with particularity facts giving rise to a strong and reasonable inference that any defendant acted with scienter, (2) failure to allege with particularity that defendants' statements were knowingly or recklessly false or

misleading at the time they were made, and (3) failure to sufficiently plead loss causation.

**A. Whether Defendants' Statements Were Knowingly or Recklessly False or Misleading When Made**

Defendants first contend that the complaint fails to allege that defendants knew at the time statements or representations were made that ConAgra's accounting methods were incorrect, or that any statements made on ConAgra's behalf were false or misleading. After examining the allegations of scienter, the Court agrees.

The complaint avers that defendant Rohde and other Conagra spokesmen represented in September, 2003, in a press release and a subsequent conference call that ConAgra's earnings for the first quarter were 37 cents per share. In an attempt to show that defendants acted with fraudulent intent, the complaint avers that by later restating its financial results for 2002, 2003, 2004, and the first two quarters of 2005, defendants admitted in March, 2005, that ConAgra's prior accounting procedures were deficient. This allegation does not establish that defendants knew or were reckless in not knowing that their statements were false when they made them in September, 2003. A showing of falsity in hindsight does not establish scienter. *See Kushner*, 317 F.3d at 827; *In re Navarre*, 299 F.3d at 742 ("The purpose of [the] heightened pleading requirement was generally to eliminate abusive securities litigation and particularly to put

-7-

an end to the practice of pleading 'fraud by hindsight'") (quotation omitted). The complaint fails to allege that in September, 2003, defendants knew the accounting treatment would subsequently be changed and the earnings restated.

In September and December, 2003, March, July, September and December, 2004, and March, April and June, 2005, ConAgra issued favorable press releases and defendant Rohde and other ConAgra representatives commented positively in conference calls in September and December, 2003, March, July, September and December, 2004, and February, 2005. Again, the complaint fails to allege that defendants made statements when they knew or had access to information suggesting that the statements were false. *See Fla. State Bd. of Admin*, 270 F.3d at 665.

On numerous occasions, defendant Rohde signed forms filed with the Securities and Exchange Commission (SEC) that reiterated ConAgra's positive financial results and assured that the discussions and analyses contained in the forms were in conformity with accepted accounting practices.[1]  The same pleading deficiency is present with respect to these allegations. The complaint does not allege that Rohde made these assurances when they knew or had access to information suggesting that the statements were false.  To the contrary, plaintiffs again rely on

---

[1] Rohde signed the Sarbanes-Oxley certifications in October, 2003, January, April, August and October, 2004, and January and April, 2005.

information obtained in hindsight, particularly the March 2005 accounting restatement to suggest that ConAgra had not maintained effective controls over accounting.

In sum, plaintiffs have failed to allege that defendants' statements were false or misleading, or were made recklessly, at the time they were made. As plaintiffs have requested, the Court will permit them to replead so that they may attempt to allege a strong and reasonable inference of scienter. *See In re Navarre Corp. Sec. Litig. (Naverre II)*, 2006 U.S. Dist. LEXIS 44509, at *11 (D. Minn. June 27, 2006)(Magnuson, J.); *see also* Fed. R. Civ. P. 15(a) (permitting a party to amend a pleading once before a responsive pleading is filed); *Winfrey v. Brewer*, 570 F.2d 761, 764 n.4 (8th Cir. 1978) ("A motion to dismiss is not a 'responsive pleading' for purposes of [Rule 15(a)].").

**B.   Whether Plaintiffs Have Sufficiently Pled Facts Creating a Strong and Reasonable Inference that Defendants Acted with Fraudulent Intent**

Defendants next contend that plaintiffs have not alleged sufficient facts of fraudulent intent. The complaint must set forth particular facts supporting a reasonable and strong inference of reckless or intentional wrongdoing. *Ferris, Baker Watts, Inc. v. Ernst & Young, LLP.*, 395 F.3d 851, 854 (8th Cir. 2005). Fraudulent intent may be alleged through facts demonstrating an intent to deceive or to defraud, extreme

-9-

recklessness, or an usual or heightened motive and opportunity to commit fraud. *In re K-tel Int'l Sec. Litig.*, 300 F.3d 881, 893-94 (8th Cir. 2002).

Plaintiffs attempt to create a strong and reasonable inference of fraudulent intent by relying on several "badges of fraud," which together, they argue, create a strong and reasonable inference of scienter.  The badges consist of violations of Generally Accepted Accounting Principles (GAAP), attestations by corporate officers regarding the propriety of ConAgra's accounting practices, the restatements of earnings and the bonuses Rohde earned based on the financial performance of the company.

Considering several of the "badges of fraud" in combination, the Court finds that plaintiffs have failed to sufficiently plead facts of fraudulent intent.  The Court finds that plaintiffs' theory of scienter defies logic because it would require Rohde to orchestrate a tax accounting error in 1997 with the foreknowledge that this would inflate the bonuses paid to him six to seven years later.  The Court finds this theory highly speculative and unable to support the "strong and reasonable inference of fraudulent intent" necessary to survive a motion to dismiss.  The Court will permit plaintiffs to amend their complaint so that they may attempt to allege a strong and reasonable inference of fraudulent intent.

**C.   Loss Causation**

A securities fraud complaint must allege, inter alia, loss causation, which means "a causal connection between the material misrepresentation and the loss." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342, 346 (2005).  Plaintiffs need not plead loss causation with particularity, however; a short and plain statement in accordance with Federal Rule of Civil Procedure 8(a)(2) is sufficient.  *See Dura*, 544 U.S. at 346.

The complaint charges defendants with scheming to artificially inflate ConAgra's stock price by misrepresenting the company's financial results.  The overstated earnings allegedly caused the rise in stock price.  Plaintiffs further aver that on the day when defendants revealed the accounting improprieties, ConAgra's stock price fell seventy cents per share, but the record reflects that the stock price had fully recovered the seventy cent decline within four days.[2]  The complaint avers that this caused economic loss to shareholders of "up to $5.68 per share."  (Complaint, ¶ 241).  The economic loss of "up to $5.68 per share" represents the loss that would be incurred by a

---

[2] By March 31, 2004, the stock price had fully recovered closing at $27.02.  (Closing price of ConAgra stock found at Def. Ex. 4 and verified at www.finance.yahoo.com last visited on July 3, 2006).  A seventy cent move in the price of ConAgra stock was not unusual in the period just prior to the March 24, 2004, press release.  Eight times in the three months just prior to the March 24, 2004, press release, the closing price of ConAgra's common stock experienced increases or declines of between $0.51 and $1.03.

putative shareholder who purchased at the market high in January 2005 and sold at the market close on June 7, 2005 (Complaint, ¶ 242). Nowhere in the complaint or in subsequent filings have the plaintiffs evidenced that such a putative shareholder exists. Where the plaintiffs are being allowed to amend their complaint for other reasons, the Court urges plaintiffs to also review the sufficiency of its allegations of loss causation.

### III.  CONCLUSION

The complaint does not satisfy the requirements of the PSLRA; specifically, plaintiffs have not alleged facts creating a strong and reasonable inference of scienter or of fraudulent intent. The Court therefore will grant plaintiffs leave to file a second amended complaint. Failure to file an amended complaint will result in dismissal of these actions. Accordingly,

IT IS ORDERED:

1) Plaintiffs shall have until November 3, 2006, to file a second amended consolidated complaint. Failure to file said complaint will result in dismissal of these actions.

2) Defendants shall have until November 30, 2006, to answer or respond to the second amended consolidated class action complaint.

DATED this 19th day of September, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court